FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 25 2021 ★

LONG ISLAND OFFICE

CCC:CBD/JMW
F. #2020R00262

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SEAN NOVIS and
GARY DENKBERG,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SUPERSEDING
INDICTMENT

Cr. No. 20 CR 335-JMA
(T. 18, U.S.C., §§ 981(a)(1)(C), 1341,
1342, 1343, 1349, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

    At all times relevant to this Superseding Indictment, unless otherwise indicated:

I.    The Defendants and Their Direct-Mail Operation

    1.    In or about and between January 2003 and September 2016, both dates being approximate and inclusive, the defendants SEAN NOVIS and GARY DENKBERG, together with others, engaged in a direct-mail operation based on Long Island, New York, that sent fraudulent prize notices to consumers throughout the United States (the "Direct-Mail Operation").  The prize notices falsely and fraudulently induced recipients (the "Victims") to pay fees as a purported condition of receiving promised cash prizes.  Despite payment of such fees by many Victims, the promised cash prizes were not given.

    2.    The defendants SEAN NOVIS and GARY DENKBERG owned and controlled the Direct-Mail Operation, including directing the activities of employees of the

Direct-Mail Operation.   The defendants operated the Direct-Mail Operation from offices in Syosset, New York, and elsewhere on Long Island.

3.      In or about April 2012, the defendants SEAN NOVIS and GARY DENKBERG each signed cease-and-desist agreements with the United States Postal Service whereby they agreed to permanently stop sending fraudulent prize notices.   As part of their respective cease-and-desist agreements, NOVIS and DENKBERG agreed to the entry of Postal Service consent orders that enjoined them from sending fraudulent prize notices. Despite the agreements and consent orders, NOVIS and DENKBERG continued sending fraudulent prize notices.

II.    The Fraudulent Prize Notices

4.      As part of the scheme, the defendants SEAN NOVIS and GARY DENKBERG, together with others, sent fraudulent prize notices by U.S. Mail to the Victims, many of whom were elderly and vulnerable.   The prize notices fraudulently represented that the Victims were specifically chosen to receive a large cash prize – typically, over $1,000,000 – and would receive the prize if they paid a fee, ranging from approximately $20 to $40.   Victims who paid the requested fee did not receive the promised cash prize.   The object and purpose of the scheme was to obtain money from the Victims by means of these false and fraudulent statements and material concealments of fact in the mailings.

5.      The Direct-Mail Operation sent multiple versions of the fraudulent prize notices to the Victims.   The fraudulent prize notices appeared to be from official-sounding entities, such as Jackpot Express, Award Reporting Release and Prize Data Services, and appeared to be signed by officers or representatives of the entities.   In fact, these entities existed only on paper, and the named officers and representatives did not exist.

3

6.    The fraudulent prize notices appeared to be personalized notices for the respective recipients.   In fact, the prize notices were mass-produced, boilerplate documents that were bulk mailed to hundreds of thousands of recipients.   The defendants SEAN NOVIS and GARY DENKBERG, together with others, obtained the names and addresses of recipients from mailing lists purchased from other parties.   When the Victims sent payments in response to fraudulent prize notices, NOVIS and DENKBERG, together with others, sent additional fraudulent prize notices to the Victims and added the Victims' names and addresses to lists that they rented to other direct mailers.

7.    In addition to the false and misleading language described above, the fraudulent prize notices often included language indicating that the recipients had not won any money or prizes and/or that the mailings were not prize notifications or sweepstakes entry forms.   However, the language did not correct the false and misleading statements contained in the mailings.

8.    The fraudulent prize notices included pre-addressed return envelopes and directed the recipients to pay the fees by cash, check or money order sent to the return address listed on the envelope.   The defendants SEAN NOVIS and GARY DENKBERG, together with others, rented post office boxes at different post offices on Long Island to receive return mailings from the Victims.

9.    The defendants SEAN NOVIS and GARY DENKBERG, together with others, caused payments received from the Victims to be sent to a payment processor. NOVIS and DENKBERG directed the payment processor to send the funds to bank accounts controlled by NOVIS and DENKBERG.

III.     Defendants' Aiding and Abetting of Others' Fraud Schemes

       10.     The defendants SEAN NOVIS and GARY DENKBERG, together with others, used the Direct-Mail Operation and its employees, vendors and other infrastructure to aid and abet mass-mailing fraud campaigns designed and managed by other individuals. These mass-mailing fraud campaigns included those designed and managed by Individual #1 and others designed and managed by Individual #2 and Individual #3, all of whose identities are known to the Grand Jury. The mass mailing fraud campaigns designed and managed by Individuals #1, #2 and #3 closely mirrored the Direct-Mail Operation run by SEAN NOVIS and GARY DENKBERG.

       11.     Like the Direct-Mail Operation, the mass mailing fraud campaigns by Individuals #1, #2 and #3 involved sending fraudulent prize notices delivered by the United States Postal Service to Victims, many of whom were elderly and vulnerable. The prize notices fraudulently represented that Victims were specifically chosen to receive a large cash prize – typically, over $1,000,000 – and would receive the prize if they paid a fee, ranging from approximately $20 to $40. Victims who paid the requested fee did not receive the promised cash prize. The object and purpose of the scheme was to obtain money from the Victims by means of these false and fraudulent statements and material concealments of fact in the mailings.

       12.     Individuals #1, #2 and #3, aided and abetted by the defendants SEAN NOVIS and GARY DENKBERG, sent multiple versions of the fraudulent prize notices to Victims. The fraudulent prize notices appeared to be from official-sounding entities, such as

Pinkerton Prize Authority, National Awards Advisory Company and CBS, and appeared to be signed by officers or representatives of the entities.

13.    The fraudulent prize notices appeared to be personalized notices for the respective recipients.   In fact, the prize notices were mass-produced, boilerplate documents that were bulk mailed to thousands of recipients whose names and addresses came from mailing lists.   The fraudulent prize notices included pre-addressed return envelopes and directed the recipients to pay the fees by cash, check or money order sent to the return address listed on the envelope.   When the Victims sent payments in response to fraudulent prize notices, NOVIS and DENKBERG, together with others, sent additional fraudulent prize notices to the Victims.

14.    In addition to the false and misleading language described above, the fraudulent prize notices often included language indicating that the recipients had not won any money or prizes and that the mailings were not prize notifications or sweepstakes entry forms.   However, the language did not correct the false and misleading statements contained in the mailings.

<u>COUNT ONE</u>
(Conspiracy to Commit Mail Fraud)

15.    The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

16.    In or about and between January 2003 and September 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SEAN NOVIS and GARY DENKBERG, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Victims, and to

obtain money and property from the Victims by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to place and cause to be placed one or more matters and things in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and to take and receive therefrom one or more such matters and things, contrary to Title 18, United States Code, Section 1341.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNTS TWO THROUGH SEVEN
(Mail Fraud)

17.    The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

18.    On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants SEAN NOVIS and GARY DENKBERG, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did place and cause to be placed one or more matters and things in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and did take and receive therefrom such matters and things, as set forth below:

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| TWO | September 11, 2015 | Check sent by Victim A.M., an individual whose identity is known to the Grand Jury, to Mineola, N.Y., in response to a fraudulent prize notice |
| THREE | October 19, 2015 | Check sent by Victim J.S., an individual whose identity is known to the Grand Jury, to Mineola, N.Y., in response to a fraudulent prize notice |
| FOUR | October 19, 2015 | Check sent by Victim H.R., an individual whose identity is known to the Grand Jury, to Mineola, N.Y., in response to a fraudulent prize notice |
| FIVE | October 31, 2015 | Check sent by Victim H.R. to Mineola, N.Y., in response to a fraudulent prize notice |
| SIX | September 16, 2016 | Cash sent by Victim K.D., an individual whose identity is known to the Grand Jury, to Mineola, N.Y., in response to a fraudulent prize notice |
| SEVEN | September 16, 2016 | Cash sent by Victim E.G., an individual whose identity is known to the Grand Jury, to Mineola, N.Y., in response to a fraudulent prize notice |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

<u>COUNTS EIGHT THROUGH ELEVEN</u>
(Wire Fraud)

19.     The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

20.     On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants SEAN NOVIS and GARY DENKBERG, together with others, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purposes of executing such scheme and artifice did

transmit and cause to be transmitted, by means of wire communication in interstate and

foreign commerce, one or more writings, signs, signals, pictures and sounds, as set forth

below:

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| EIGHT | January 11, 2016 | E-mail sent from the defendant SEAN NOVIS in the Eastern District of New York to a payment processing company in Canada requesting a wire transfer of $16,172.14 |
| NINE | January 12, 2016 | Wire transfer of $16,172.14 from a payment processing company in Canada to the Eastern District of New York |
| TEN | June 9, 2016 | E-mail from the defendant GARY DENKBERG in the Eastern District of New York to a payment processing company in Canada requesting a wire transfer of $12,052.15 |
| ELEVEN | June 9, 2016 | Wire transfer of $12,052.15 from a payment processing company in Canada to the Eastern District of New York |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNTS TWELVE THROUGH FIFTEEN
(Fictitious Names)

21.    The allegations contained in paragraphs one through nine are realleged

and incorporated as if fully set forth in this paragraph.

22.    On or about the dates set forth below, within the Eastern District of

New York and elsewhere, the defendants SEAN NOVIS and GARY DENKBERG, together

with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to

obtain money and property by means of materially false and fraudulent pretenses,

representations and promises, and for the purpose of executing such scheme and artifice, did

place and cause to be placed one or more matters and things in a post office and authorized

depository for mail matter, to be sent and delivered by the United States Postal Service, and

did use fictitious, false and assumed names and titles other than their own proper names, for

the purpose of carrying out the fraudulent scheme by means of the Postal Service, as set forth

below:

| Count | Approximate Date | Description |
|-------|-----------------|-------------|
| TWELVE | September 16, 2016 | A mailing bearing the name and title William G. Cline, President—Jackpot Express |
| THIRTEEN | September 14, 2016 | A mailing bearing the names and titles Robert Kimball, Senior Officer, and Brian Lewis, Senior Manager |
| FOURTEEN | August 31, 2016 | A mailing bearing the names and titles George Hamilton, President, Hamilton Prize Reports and Roberta L. Tiura, Registrars Office |
| FIFTEEN | September 9, 2016 | A mailing bearing the names and titles Jim Reitman, Prize Data Release Ofc., and J. Reitman, Reports Registrar |

(Title 18, United States Code, Sections 1342, 2 and 3551 et seq.)

COUNTS SIXTEEN THROUGH NINETEEN
(Aiding and Abetting Mail Fraud)

23.    The allegations contained in paragraphs 10 through 14 are realleged

and incorporated as if fully set forth in this paragraph.

24.    On or about the dates set forth below, within the Eastern District of

New York and elsewhere, the defendants SEAN NOVIS and GARY DENKBERG, together

with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to

obtain money and property by means of materially false and fraudulent pretenses,

representations and promises, and for the purpose of executing such scheme and artifice, did place and cause to be placed one or more matters and things in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and did take and receive therefrom such matters and things, as set forth below:

| Count | Approximate Dates | Description |
|---|---|---|
| SIXTEEN | Between on or about August 31, 2016 and October 2016 | The Pending Awards Notification Cash & Prize Letter Gram prize notice, known as NAC30, and Victim responses thereto |
| SEVENTEEN | Between on or about September 12, 2016 and October 2016 | The Pinkerton Prize Authority prize notice, known as PTN32, and Victim responses thereto |
| EIGHTEEN | Between on or about September 8, 2016 and October 2016 | Corporate Legal Notification Urgent Attempt to Inform prize notice, known as CBS $30, and Victim responses thereto |
| NINETEEN | April 02, 2018 | Cash sent by Victim E.B., an individual whose identity is known to the Grand Jury, to Old Bethpage, N.Y., in response to a fraudulent prize notice |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

25.    The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

11

26.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

       (a)    cannot be located upon the exercise of due diligence;

       (b)    has been transferred or sold to, or deposited with, a third party;

       (c)    has been placed beyond the jurisdiction of the court;

       (d)    has been substantially diminished in value; or

       (e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____
GUSTAV W. EYLER
DIRECTOR
CONSUMER PROTECTION BRANCH

F. #2020R00262

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

### SEAN NOVIS and GARY DENKBERG,

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1341, 1342, 1343, 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)).)

*A true bill.*

_____ _____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____ __

*Clerk*

*Bail, $* _____

_____

***Charles B. Dunn, Trial Attorney, U.S. Department of Justice***
***(202) 305-7227***