| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>UNITED STATES OF AMERICA,<br><br>                -against-<br><br>SEAN NOVIS, and GARY DENKBERG,<br><br>                          Defendants.<br>------------------------------------------------------------------X | For Online Publication Only<br><br><br><br><br><u>ORDER</u><br>20-CR-335 (JMA) |

**AZRACK, United States District Judge:**

Defendants filed letters on April 19, 2022 addressing certain evidentiary issues. The Court addresses certain issues below and requests certain information from the Government. The Government shall provide the Court with the requested information by 11:00 PM on April 25, 2022.

**A. <u>Testimony of Victims and Family Members</u>**

The Government shall provide the Court with proffers of the specific testimony it intends to elicit from each of the family members who will be called to testify at trial. The Court defers ruling, at this time, on the admissibility of the particulars of the testimony from these witnesses.

Generally, testimony from the family members recounting statements from the victims concerning the victims' beliefs about the prize notices they received would be admissible because such testimony concerns the victim's state of mind. <u>See</u> Fed. R. Evid. 803(3). The Court is more concerned about the admissibility of other potential testimony from these family members, which will be outlined in the proffers provided by the Government.

Relatedly, the Government shall identify what testimony it intends to elicit (whether from the family members or victims themselves) regarding: (1) the financial impact on the victims beyond the direct payments that are allegedly attributable to Defendants; and (2) a general

1

breakdown of the money paid by each victim that is attributable to the Defendants' prize notices and the losses attributable to other mailings .

Assuming that the recitation of the essential facts in Defendant Denkberg's April 19, 2022 letter are correct, the Court is not inclined to permit Ms. Rivenberg to testify that her father maxed out his credit cards and took out a home equity loan in order to continue responding to prize notices. Such testimony appears to be unduly prejudicial if Mr. Ranker only sent $1,960 to Defendants' businesses and it is not clear, at this time, that such testimony is necessary to provide essential context for Ms. Rivenberg's testimony on other points. At the very least, the Court will likely preclude the Government from mentioning such testimony in its opening statement.

The Court defers decision on whether, and to what extent, the Government can introduce testimony from victims or family members concerning the amount of money that victims sent in response to mailings that are not attributable to the Defendants. At the very least, the Court will likely preclude the government from mentioning such testimony in its opening statement.[1]

The Government may elicit information about the physical and mental condition of the victims. The Government shall identify what specific information about the victim's financial status it intends to introduce. The Court is inclined to permit some general testimony about the victim's financial status—e.g., living on social security. However, as the Court explained above in connection with the testimony of Mr. Ranker, the Court is unlikely to permit evidence about the impacts of the victim's payments to Defendants on the victims' financial situations, particularly

---

[1] As discussed infra, Defendants also object to admission of customer complaints. Even if the Court were to exclude certain witness testimony about adverse financial impacts and payments made in response to other mailings, that would not necessarily preclude the admission of complaints that discuss financial impacts and payments for other mailings. Such information in customer complaints—when known by Defendants—may still be relevant to notice and Defendants' intent. That said, the Court will likely preclude the Government from mentioning, in its opening, such information about financial impacts and payments for other mailings contained in customer complaints.

if—as appears to be the case in the situation of Mr. Ranker—the prize notices attributable to Defendants constitute only a small percentage of a victim's losses from responding to mailings.

Defendant Novis objects to the "admission of any complaints by the alleged victims to the authorities." The Court does not see a basis, at this time, to exclude complaints that Defendants possessed or were otherwise aware of. The Government shall identify any complaints that it seeks to admit that were <u>not</u> seized from Defendants' offices and the Long Island caging service. To the extent that Defendants received or were aware of a particular complaint, the complaint would generally be admissible—for not the truth of the matters asserted—but to establish notice and fraudulent intent.

Novis's letter discusses only one specific complaint and asserts, in a single sentence, that most, if not all, of the customer complaints at issue also refer to promotions or frauds that did not involve Defendants. Even complaints concerning other promotions or frauds could potentially be relevant to notice and intent, particularly if they involved similar schemes. The Court finds, at this time, no basis to exclude any of the complaints. The Court will address this on a complaint-by-complaint basis, including any potential redactions that Defendants may request.

The Court will preclude any testifying victims from characterizing the Defendants (or other individuals involved in similar mailings) as "scammers," "fraudsters," and "crooks," or using similar pejorative labels. With respect to testimony from the family members, the Court has requested proffers from the Government concerning their testimony and defers ruling on the admissibility of their testimony to the extent it involves this issue. To the extent pejorative language is found in customer complaints that Defendants received, the Court sees no basis to exclude such complaints.

B. **Claimed Losses of $89 Million**

Defendants' request concerning this issue is denied as it not clear what specific relief Defendants are seeking in connection with this argument. The Court does not see any basis, at this point, to preclude the Government from arguing to the jury that this scheme involved $89 million.

C. **Charts**

The Government shall promptly provide Defendants with the charts it seeks to introduce at trial. Denkberg's April 19, 2022 letter implies that Defendants have already received draft charts, but not yet the final versions of these charts. The Court sees no basis, at this time, to exclude any charts.

D. **Extraterritorial Conduct**

The Government shall outline what evidence it intends to introduce concerning foreign mailings.

**SO ORDERED.**

Dated: April 22, 2022
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE