| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>UNITED STATES OF AMERICA,<br><br>                -against-<br><br>SEAN NOVIS, and<br>GARY DENKBERG,<br><br>                Defendants.<br>------------------------------------------------------------------X | For Online Publication Only<br><br><br><br><br><br>**ORDER**<br>20-CR-335 (JMA) |

**AZRACK, United States District Judge:**

Currently pending before the Court are motions filed by Defendants Sean Novis ("Novis") and Gary Denkberg ("Denkberg," and collectively, "Defendants") that request bail pending appeal and a stay of financial penalties.

At trial, Defendants were convicted of conspiracy to commit mail fraud and various mail and wire fraud counts. In a July 24, 2023 Memorandum & Order, the Court denied the Defendants' post-trial motions for acquittal under Federal Rule of Criminal Procedure 29 ("Rule 29 Decision"). Familiarity with the Rule 29 Decision is assumed. (ECF No. 128.) On August 3, 2023, the Court sentenced Novis to ninety (90) months' imprisonment on Counts 1–11 and 16–19, and sixty (60) months' imprisonment on Counts 12–15, with the sentences to run concurrently to each other. That same day, the Court sentenced Denkberg to sixty-six (66) months' imprisonment on Counts 1–5, 10, 11, and 16–19, and sixty (60) months' imprisonment on Counts 12 and 14.

For the reasons stated below, Defendants' motions for bail pending appeal and a stay of financial penalties are denied.

A. **Standard for Bail Pending Appeal**

A court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless" the Court finds: (1) by clear and convincing evidence that the person is not dangerous or likely to flee; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence to a term of imprisonment less than the anticipated length of the appeal process. 18 U.S.C. § 3143(b).

A "substantial" question is "a 'close' question or one that very well could be decided the other way." United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985) (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). If the defendant raises a question that is "substantial," the court must "then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" Id. (quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985)). A defendant must establish that "the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial on all of the counts for which he received prison terms." Id. at 126 (emphasis added).

B. **Defendants Do Not Raise a Substantial Question Concerning the Supplemental Instructions**

Both Defendants contend that the Court's response to jury questions during deliberations raises substantial questions on appeal.[1] Defendants argue that the Court's supplemental

---

[1] In addition to disputing whether Defendants have raised a substantial question, the government also asserts that Defendants' appeal has been brought for purposes of delay and that Novis cannot establish, by clear and convincing evidence, that he is unlikely to flee. On the latter point, the government notes that:

> In the years leading up to the original 2020 indictment, both defendants filed foreign bank account reports (FBARs) with the Treasury Department showing that they collectively possessed millions of dollars in foreign locations, including in the Cook Islands and the Isle of Mann, with Novis having

instructions given in response to the questions were erroneous and that their challenges to these instructions on appeal raise "substantial questions." Denkberg argues that the Court's supplemental instructions were erroneous because the Court did not address materiality. Novis argues that the Court's advice of counsel instruction at the end of the supplemental instructions was deficient. Denkberg joins in Novis's arguments and further argues that the advice of counsel instruction exacerbated the Court's alleged error concerning materiality. None of Defendants' arguments concerning the supplemental instructions raise a substantial question on appeal.

### 1. Background – The Jury Instructions, the Jury Note, and the Court's Response

In its instructions, the Court instructed the jury about mail and wire fraud. The Court's charge explained, <u>inter alia</u>, that:

> [A] "scheme to defraud" is any plan to deprive someone of money or property by trick, deceit, deception or swindle that is reasonably calculated to deceive persons of average prudence."
>
> The scheme to defraud in this case is alleged to have been carried out by making materially false and fraudulent statements through direct mailings sent to the alleged victims.
>
> \*\*\*\*
>
> The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern

---

the greatest share (over $3 million). The government notes that Novis made no FBAR filings for any reporting year after 2020 (the year when criminal charges were first brought) and Novis declined to make financial disclosures in connection with his PSR. From this perspective, Novis is a substantial flight risk—he may still have millions of dollars abroad in places known for sheltering assets, he has taken steps post-charging to obfuscate their location, and he has continued to deny responsibility for the crimes he committed. While the government does not know why Novis refused to make these disclosures in connection with his PSR, the burden here is on Novis, not the government; that Novis has withheld this information from the Court does not inure to his benefit.

(ECF No. 147 at 4.) Because the Court finds that the arguments Defendants intend to raise on appeal do not raise a substantial question, it is unnecessary to separately address the government's arguments concerning delay or likelihood of flight.

> to a reasonable and prudent person in relying upon the representation or statement in making a decision.
>
> This means that if you find a particular statement of fact to have been false, you must also then determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.
>
> ****
>
> "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.
>
> ****
>
> If you find that a fraudulent scheme existed, it is no defense that the customer fell prey to the fraudulent scheme because he or she failed to act vigilantly. The crucial question is whether a defendant was involved in a scheme where he made material false statements or failed to disclose material information—and did so with an intent to defraud and harm victims. Whether or not a particular victim acted foolishly is irrelevant.

(ECF No. 155 at 21–24; Tr. 1873–1879.)

The Court also explained good faith and advice of counsel. (ECF No. 155 at 24–26; Tr. 1873–1881.) Those instructions explained, inter alia, that:

> The burden of proof is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.
>
> ****
>
> If the defendant you are considering relied in good faith on the advice of an attorney that his conduct was lawful, then he lacked the intent to defraud required to prove the offenses of mail and wire fraud, as well as the offenses of conspiracy to commit mail fraud and fraud using fictitious names and titles.
>
> ****
>
> The defendants do not have to prove their good faith reliance on counsel. Rather, the government must prove beyond a reasonable doubt that the defendant you are considering acted with the intent to defraud necessary to commit a crime.

(ECF No. 155 at 24–25; Tr. 1873–1879.)

4

Subsequently, during deliberations, the Court received a note from the jury with the following questions:

> Your Honor. Members of the jury have several questions attached for clarification.
>
> (1) Can you explain further or clarify "average prudence," and can a person be purposefully misleading but not have intent to break the law as advise [sic] of counsel said they were within the law.
>
> (2) Page 21 [of the Court's instructions], the top paragraph about "scheme to defraud" having to be "calculated to deceive persons of average prudence." Does that mean that it is legal to intentionally be predatory towards vulnerable people and execute a scheme to defraud people below average prudence?

(Court Ex. 2.)

After the parties reviewed the jury's note, the government proposed certain specific language, relying on caselaw from the Second and Eleventh Circuits. (Tr. 1928–29.) Specifically, the government proposed that the Court give the following instruction:

> The second element of wire and mail fraud is that the defendant acted knowingly and willfully . . . participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud. . . .
>
> A scheme to defraud is any plan to deprive someone of money or property by trick, deceit, deception, or swindle that is reasonably calculated to deceive persons of average prudence . . . . The role of the average prudence instruction is to assure that the defendants' conduct was calculated to deceive, not to grant permission to take advantage of this stupid or careless . . . . that is, the unreasonableness of a fraud victim in relying or not relying on a misrepresentation does not bear on a defendant's criminal intent in designing the fraudulent scheme.

(Tr. 1929.)

In response, Novis asserted, without any further elaboration, that the government's proposed instruction was "pretty one-sided" and that if the Court gave that instruction, Novis asked that "it be followed with the reasonable reliance on advice of counsel, which would negate that fraudulent [intent]." (Tr. 1929–30.)

5

Denkberg asserted that the Court should not provide any further instructions and should simply direct the jury to the Court's original charge. (Tr. 1929.)

The Court then provided the parties with a proposed response that included, inter alia, additional language about good faith reliance on counsel and also stated, "I previously instructed you about good faith reliance on counsel" and that "[y]ou must follow all of those instructions." (ECF No. 156.)

After receiving the Court's proposed instruction, Denkberg took the position that the jury note only raised the following issues: (1) the jury wanted the Court to "clarify average prudence" and; (2) the jury was confused about "intent" and "reliance on counsel." (Tr. 1935.) Denkberg argued that the Court should simply "clarify" the term "average prudence" by telling the jury that that this phrase should be defined by the "common meaning" of that phrase. (Tr. 1935, 1939.) With respect to the second issue, Denkberg argued that the jury should simply be told to refer to the Court's original instructions on the terms "knowingly," "intentionally, "good faith," and reliance of counsel." (Tr. 1935, 1938.) Denkberg also argued that, despite the jury's request for additional clarification on the law, the Court should not provide any further clarification beyond what was already stated in the Court's original charge. (Tr. 1937, 1954.)

Novis joined Denkberg's arguments and raised two additional arguments. Novis argued that the Court's proposed supplemental instruction was not supported by the evidence in the record. (Tr. 1940–42.) Novis also objected to the final paragraph of the proposed instruction, which Novis claimed "knocks out the entire advice of counsel defense, and goes against the evidence in this case." (Tr. 1942.)

After the hearing the parties, the Court presented the parties with a revised proposed response in which the Court "tempered" some of the language at issue. (Tr. 1945.) The Court's

6

revised proposal removed the second and third paragraphs from original proposal and replaced them with the following language:

> Statements made by a defendant that would have deceived a person of average prudence may be evidence that the defendant actually intended to deceive the recipients.  Proof that a defendant created a scheme to deceive reasonable people can be sufficient evidence that the defendant acted with an intent to defraud.  A defendant can also act with intent to defraud if the defendant intended to deceive the ignorant or gullible.

(ECF No. 157.)

In response to this revision, Denkberg argued that the second paragraph of the Court's response was "objectionable" because it was not necessary.  (Tr. 1945.)  Denkberg argued that the third paragraphs of the Court's response "duplicat[ed] what the Court charged," and he asserted that the discussion of intent was objectionable because the proposed response did not "talk about [intent] in connection with the right to counsel or reliance on counsel or good faith."  (Tr. 1946.)  Denkberg also objected to the two final paragraphs concerning reliance on counsel.  (Tr. 1946–47.)  Critically, nowhere in any of Denkberg's lengthy objections did he assert that the supplemental instructions should include additional language about materiality or propose any specific language on that issue.  (Tr. 1947.)

In defense counsel's final exchange with the Court about this proposed instruction, Denkberg requested that the Court explain to the jury that "they should consider everything that was contained in your original charge."  (Tr. 1948.)  The Court granted this request and inserted, at the end the Court's response, a sentence stating: "And let me, of course, remind you that you should consider and follow all of my original instructions on the law from last Friday."  (ECF No. 158; Tr. 1951.)  Below is the final version of the response that the Court ultimately gave to the jury.  (Tr. 1949–54.)

7

> The second element of wire and mail fraud is that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud. A "scheme to defraud" is any plan to deprive someone of money or property by trick, deceit, deception or swindle that is reasonably calculated to deceive persons of average prudence.
>
> Statements made by a defendant that would have deceived a person of ordinary prudence may be evidence that the defendant actually intended to deceive the recipients. Proof that a defendant created a scheme to deceive reasonable people can be sufficient evidence that the defendant acted with an intent to defraud. A defendant can also act with intent to defraud if the defendant intended to deceive the ignorant or gullible.
>
> Your note mentioned a person who is being purposefully misleading. As I explained to you, the government must prove that the defendant acted with an intent to defraud. "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. Evidence that a person engaged in purposefully misleading conduct may be evidence that the person acted with an intent to defraud.
>
> I previously instructed you about good faith reliance on counsel. You must follow all of those instructions.
>
> A person who acts with an intent to defraud cannot also, at the same time, act in good faith. If the defendant relied in good faith on the advice of an attorney that his conduct was lawful, then he lacked an intent to defraud. However, a person who acts with an intent to defraud cannot rely on advice of counsel in good faith. And let me, of course, remind you that you should consider and follow all of my original instructions on the law from last Friday.

(ECF No. 158[2]; Tr. 1950–51.)

The next day, Novis requested that the Court give an additional instruction based on certain civil cases which discussed the "reasonable consumer standard" applicable in civil cases. (Tr. 1965–70.) Specifically, Novis asked that, based on those civil cases, the jury be instructed that "the reasonable consumer standard requires a probability that a significant portion of the general

---

[2] The Court read these supplemental instructions to the jury and also provided a copy to the jury. As discussed above, prior to finalizing the supplemental instructions, the Court gave copies of two proposed responses to the parties, which the parties discussed with the Court at length. To ensure the record is complete and accessible, the Court recently docketed copies of the final supplemental instructions, the two proposed responses to the jury question drafted by the Court, as well as the Court's final instructions. As reflected in the transcript, all these documents were provided to the parties during the trial and deliberations.

8

consuming public or of targeted consumers acting reasonably in the circumstances be misled" and the government must "prove 'more than a possibility that . . . the promotions conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." (Tr. 1968–69.) Denkberg joined this request. After reviewing the civil cases provided by Novis, the Court rejected Novis's proposed instruction, explaining that his proposal was based on "civil cases and is not the law of criminal mail and wire fraud." (Tr. 1971.)

### 2. Denkberg's Challenges Concerning Materiality Will Only be Reviewed for Plain Error

The Second Circuit "review[s] an unpreserved objection to a jury instruction for plain error." United States v. Hunt, No. 21-3020, --- F.4th ----, 2023 WL 6133211, at *6 (2d Cir. Sept. 20, 2023). A party who objects to an instruction "must inform the court of the specific objection and the grounds for the objection." Fed. R. Crim. P. 30(d); see also United States v. Irons, 31 F.4th 702, 710 (9th Cir. 2022) ("[The specific objection] requirement continues to apply [to supplemental instructions given during deliberations] and . . . requires a comparably specific objection to such a supplemental instruction before that instruction is given to the jury to use in its further deliberations.").

When plain error review applies, the Second Circuit considers: "whether '(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Miller, 954 F.3d 551, 557–58 (2d Cir. 2020) (quoting United States v. Nouri, 711 F.3d 129, 138 (2d Cir. 2013)).

Although Denkberg objected to the Court's supplemental instruction on various grounds, he did not object on the grounds he now raises. As a result, his challenge concerning materiality

9

will be subject to plain error review.³  See United States v. Robles, 320 F. App'x 88, 90–91 (2d Cir. 2009) (reviewing challenge to juror instruction for plain error where defendant objected to instruction on two grounds at trial, but then advanced a different challenge to the instruction on appeal).

Denkberg objected to the Court's response on the ground that, despite the jury's request for additional clarification and explanation on the law, the Court should not provide any further clarification or explanation beyond what was already stated in the Court's original charge. (Tr. 1937, 1954.)  The Court appropriately overruled that objection, finding that some additional explanation was warranted to address the relevant questions asked by this intelligent jury.

Thus, the remaining issue was the content of the Court's response.  On this point, Denkberg never argued that the Court should include certain language about materiality in the supplemental instruction.  Denkberg never asserted that the charge was unbalanced, misleading, or insufficient with respect to materiality.  Denkberg never requested that the supplemental instruction include additional references to, or discussion of, the Court's original materiality instruction.  Nor did Denkberg request that the Court further explain its earlier instruction on materiality.  Despite ample opportunity to do so, Denkberg never requested that the Court include any specific language about

---

³ The government's response to Defendants' motions for bail pending appeal did not address whether Defendants preserved the arguments that they now intend to raise on appeal.

10

the materiality standard that governs criminal mail and wire fraud.[4]

Accordingly, Denkberg's challenges to the Court's supplemental instruction concerning materiality will be reviewed for only plain error. See Irons, 31 F.4th at 710–11 (applying plain error review where district court "properly" rejected defendant's argument that "no additional instruction should be given" in response to jury note and defendant then failed to object to the specific language in the supplemental instruction that he subsequently challenged on appeal).

### 3. The Court's Response to the Jury Note Was Correct and Appropriate.

For the reasons set out above, Denkberg's arguments concerning materiality will only be reviewed for plain error. Under plain error review, Denkberg's arguments concerning materiality do not raise a substantial question. And, even if de novo review were applicable, those arguments would still not raise a substantial question.

Defendants' challenges to the supplemental instruction's explanation of advice of counsel also fail. Even assuming arguendo that plain error review does not apply to Defendants' challenges concerning the advice of counsel language in the Court's response, those challenges also do not raise a substantial question.

"A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." United States v. Gershman, 31 F.4th 80, 99 (2d

---

[4] The day after the Court gave the supplemental instructions, Novis made a request (which Denkberg joined) for an instruction about the "reasonable consumer" standard, based on civil cases involving advertising law. Novis's request never mentioned the words "materiality" or "material", nor did it reference the materiality charge contained in the Court's instruction. (See Tr. 1875–76.) Accordingly, Novis's request did not preserve the separate arguments about materiality that Denkberg now seeks to advance.

The Court also notes that it correctly denied Novis's requested instruction as his request was both untimely and substantively incorrect. The party proposing a jury instruction "bear[s] the burden of demonstrating that their proposed instructions 'accurately represented the law in every respect.'" United States v. Russo, 74 F.3d 1383, 1392 (2d Cir. 1996) (quoting United States v. Dove, 916 F.2d 41, 45 (2d Cir. 1990); see also United States v. Kelly, 349 F.2d 720, 759 (2d Cir. 1965) ("If a proffered request is in any respect incorrect, the denial of such a request is not error."). Novis's request was based on inapposite civil cases concerning advertising law and was not a correct statement of the law governing criminal mail and wire fraud. Thus, the Court properly rejected Novis's requested instruction, which, in any event, did not preserve the new arguments about materiality that Denkberg now advances.

Cir. 2022), cert. denied, 143 S. Ct. 816 (2023).  A reviewing court must view the charge "as a whole" in evaluating claims of instructional error.  United States v. Kalume, 684 F. App'x 80, 84 (2d Cir. 2017) (citing United States v. Lange, 834 F.3d 58, 75 (2d Cir. 2016)).  The Second Circuit has cautioned that "[a] flawed supplemental instruction can undermine and even invalidate a charge that is otherwise correct if the supplemental instruction is 'sufficiently incomplete and misleading.'"  United States v. Daugerdas, 837 F.3d 212, 228 (2d Cir. 2016) (quoting United States v. Kopstein, 759 F.3d 168, 172 (2d Cir. 2014), and finding, inter alia, that district court's refusal to discuss good faith in supplemental instruction was not erroneous given the court's instruction on good faith in the original jury charge).

Denkberg does not assert that the Court's response incorrectly stated the law for mail and wire fraud. Rather, Denkberg asserts that the Court's response was incomplete, misleading, and unbalanced because it failed to explicitly discuss "materiality."

The Court's response to the jury note, however, quoted the Court's original instructions, stating that a "scheme to defraud is any plan to deprive someone of money or property by trick, deceit, deception or swindle that is reasonably calculated to deceive persons of average prudence." (ECF No. 155 at 21; ECF No. 158; Tr. 1875, 1951.)  The Court also stressed that the jury had to "consider and follow" all the instructions in the Court's original charge.  These points were sufficient to address the concerns about materiality Denkberg now advances, and Denkberg certainly does not raise a substantial question under plain error review.

The Court also notes that Denkberg—who contends that the Court's response improperly focused on fraudulent intent—ignores the substance of the jury's second question, which specifically asked about intent to defraud and a scheme calculated to deceive people with below

12

average prudence.[5]  The Court's supplemental instruction appropriately addressed that question and also directed the jury to "consider and follow" all the instructions in the Court's original charge.  Denkberg's arguments concerning materiality do not raise a substantial question.

Novis asserts that the Court's discussion of advice of counsel in the response to the jury note was erroneous.  Denkberg also raises certain arguments concerning advice of counsel.  These arguments do not present a "substantial question."  The Court's supplemental instruction did not err in explaining advice of counsel, good faith, and intent to defraud.  See Linden v. United States, 254 F.2d 560, 568 (4th Cir. 1958) ("That the defendants proceeded under advice of a lawyer is a fact to be considered together with other facts in determining the question of the defendants' good faith."); Bisno v. United States, 299 F.2d 711, 719 (9th Cir. 1961) ("Advice of counsel is . . . a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent.").  Additionally, the supplemental instruction repeatedly referenced the Court's original charge, stating that the Court had "previously instructed you about good faith reliance on counsel" and that "[y]ou must follow all of those instructions." (ECF No. 158; Tr. 1951.)  Then, driving this point home further, the Court concluded the supplemental instruction by stressing that the "jury had to consider and follow all" of the instructions in the Court's original charge.  (Id.)

---

[5]  The jury's note stated:

> (2) Page 21 [of the Court's instructions], the top paragraph about "scheme to defraud" having to be "calculated to deceive persons of average prudence." Does that mean that it is legal to intentionally be predatory towards vulnerable people and execute a scheme to defraud people below average prudence?

(Court Ex. 2 (emphasis added).)

There is not a substantial question that the Court's supplemental response concerning advice of counsel was erroneous.[6]

Contrary to Novis's claims, the Court's supplemental instruction did not shift the burden to Defendants to prove advice of counsel and repeatedly referred the jury back to the Court's original instructions, which discussed the burden of proof. Novis's contention that the supplemental instruction was erroneous because it "provided no time frame for the jury" is also meritless.[7]

Denkberg also contends that his argument about materiality "ties in closely with the complementary point raised by counsel for Novis" concerning advice of counsel in the supplemental instruction. (ECF No. 149 at 4.) However, the Court's explanation of advice of counsel was not erroneous and, again, Denkberg's challenge concerning materiality will only be reviewed for plain error. Denkberg never proposed any language concerning materiality and advice of counsel and never lodged an objection on this point. This argument, like Denkberg's other arguments concerning materiality, does not raise a substantial question.

Finally, in his reply brief, Denkberg asserts that his challenge to the supplemental instruction also implicates the issue of willfulness and whether willfulness is an element of the federal mail and wire fraud statutes. Those arguments do not present a substantial question. First,

---

[6] Defendants are required to raise a "substantial question of law or fact likely to result in reversal or an order for a new trial on all of the counts for which he received prison terms." Randell, 761 F.2d at 125 (emphasis added). Defendants' arguments that the supplemental instruction's discussion of advice of counsel was flawed would, even if successful, not result in a new trial for all of Defendants' convictions. Defendants were also convicted of aiding and abetting offenses in connection with sweepstakes report schemes run by Shawn Phillips, Jeffrey Novis, and Phillip Priolo. The advice of counsel Defendants received did not concern those mailings and Defendants did not defend those charges based on advice of counsel. In fact, Andrew Lustigman admitted that Defendants had no compliance program for the mailings sent by those individuals and that he was concerned about what those individuals were doing, and that Defendants could be "implicated" in their schemes. (Tr. 1576–77.) Thus, even assuming arguendo that the alleged error concerning advice of counsel raises a substantial question concerning some of the charges, this alleged error concerning advice of counsel would not result in a new trial on the aiding and abetting convictions.

[7] At trial, Novis did not ask the Court to add any language on either of these specific points to the supplemental instructions.

as explained in the Rule 29 Decision, the Court's original instructions did not instruct the jury about the relevance of advice of counsel to the issue of willfulness. Defendants never requested that the Court discuss advice of counsel in connection with willfulness, and they also never raised any objections concerning willfulness in discussing the Court's response to the jury note. As such, any argument that Denkberg raises on appeal asserting that the supplemental instruction was erroneous for failing to discuss willfulness would only be reviewed for plain error. Second, as explained in the Rule 29 Decision, willfulness and knowledge of illegality are not elements of mail and wire fraud. As such, the issue of willfulness is irrelevant to Denkberg's claim that Court's response to the jury note was erroneous.

For these reasons, Defendants have not raised a substantial question concerning the propriety of the supplemental instruction.

### C. **Novis's Arguments in his Supplemental Motion Do Not Raise a Substantial Question**

In a supplemental motion, Novis raises a new argument, contending that the evidence was insufficient for him to be convicted of mail and wire fraud. In support of this meritless argument, Novis relies on easily distinguishable caselaw such as United States v. Regent Off. Supply Co., 421 F.2d 1174 (2d Cir. 1970). For the reasons stated in the government's opposition papers, this argument does not, given the record here, raise a substantial question on appeal.

### D. **Conclusion**

Defendants' motions for bail pending appeal and to stay financial penalties pending appeal are **DENIED**. At sentencing, the Court directed Novis to surrender on October 16, 2023 and Denkberg to surrender on October 27, 2023. The Court has determined that Defendants are not entitled to bail pending appeal because they have not raised substantial questions that are likely to result in reversal or an order for a new trial on all of their convictions. However, Defendants will

15

presumably seek bail pending appeal from the Second Circuit. Accordingly, the Court adjourns Novis's surrender date to October 27, 2023 to allow the briefing of any motions for bail pending appeal and the consideration of those motions by the Second Circuit.

**SO ORDERED.**

Dated: October 6, 2023
       Central Islip, New York

                                              /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE