UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK   (For Online Publication Only)
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**
20-cr-00335-JMA-JMW-1

-against-

SEAN NOVIS,

FILED
CLERK
5:00 pm, May 14, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Defendant.
------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Defendant Sean Novis moves, <u>pro se</u> under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a two-point reduction in his sentence based on the "zero-point offender" amendment to the U.S. Sentencing Guidelines ("Guidelines"). (ECF No. 164.) The Government opposes the motion. (ECF No. 166.) Mr. Novis timely replied. (ECF No. 167.) For the below reasons, the motion is denied.

## I.   DISCUSSION

A federal grand jury sitting in the Eastern District of New York returned a 19-count superseding indictment charging Mr. Novis with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 (Count 1); six counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts 2–7); four counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 8–11); four counts of use of fictitious names and titles in violation of 18 U.S.C. § 1342 (Counts 12–15); and four counts of aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2 and 1341 (Counts 16–19). (<u>See</u> ECF No. 33.)

Following a three-week trial, a jury found Mr. Novis guilty on all 19 counts. (<u>See</u> ECF No. 96.) On August 3, 2023, the Court sentenced Mr. Novis to 90 months of imprisonment, to be followed by two years of supervised release. (<u>See</u> ECF No. 137, at 3–4.) The Court further ordered

Mr. Novis to pay a $500,000 fine and $60,503,668 in forfeiture. (See id. at 7; see also Ex. 1 at 1, ECF No. 137-1.) On August 14, 2023, Mr. Novis filed a Notice of Appeal from his sentence and judgment. (See ECF No. 143.) On October 6, 2023, the Court denied Mr. Novis's request for bail pending appeal. (See ECF No. 159.) Five weeks later, the Second Circuit followed suit. (See Order, No. 23-6877 (Nov. 14, 2023).) Mr. Novis's appeal remains pending before the United States Court of Appeals for the Second Circuit. (See United States v. Novis, No. 23-6925, ECF No. 74 (2d Cir. May 13, 2024) (Appellee United States filed page proof brief); see also United States v. Novis (Denkberg), No. 23-6877, ECF No. 56 (2d Cir. May 13, 2024) (Appellee United States filed page proof brief)).

Notwithstanding his pending appeal, Mr. Novis has filed a pro se motion before the undersigned. On February 9, 2024, Mr. Novis moved (pro se) under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 for a two-point reduction in his sentence based on the "zero-point offender" amendment to the U.S. Sentencing Guidelines ("Guidelines"). (ECF No. 164.) On March 14, 2024, the Government opposed the motion. (ECF No. 166.) Mr. Novis timely replied on March 27, 2024. (ECF No. 167.)

    **A.**      **Jurisdiction**

While not raised by the Government in its opposition, see generally ECF No. 164, the Court concludes that it lacks jurisdiction over Mr. Novis's pending motion for a reduction in his sentence. "The filing of a notice of appeal is an event of jurisdictional significance," which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Martin, 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Although there are exceptions to this rule—i.e., Tancredi v. Met. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) (attorneys' fees); N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350

2

(2d Cir. 1989) (proceedings on merits after grant or denial of preliminary injunction); id. (judgment which does not determine entire action); Leonhard v. United States, 633 F.2d 599, 610 (2d Cir. 1980) (clerical error)—none appear applicable here. See United States v. Viola, 555 F. App'x 57, 59–60 (2d Cir. 2014) (notice of appeal divests district court of ability to act "to modify a judgment substantively," although district court retains authority to "merely clarif[y]" its order (citations omitted)).

Under these circumstances, this Court is without authority to "rule on any motion affecting an aspect of the case that [is] before the [Court of Appeals]." Ching v. United States, 298 F.3d 174, 180 n.5 (2d Cir. 2002); see also, e.g., Berman v. United States, 302 U.S. 211, 214 (1937) (rule applies in criminal cases); United States v. Katsougrakis, 715 F.2d 769, 777 (2d Cir. 1983) (same); United States v. Afriyie, 2017 WL 6375781, at *3 (S.D.N.Y. Dec. 11, 2017) (same). Once Mr. Novis filed his Notice of Appeal challenging the Court's judgment, see ECF No. 143, jurisdiction over the questions raised in his 18 U.S.C § 3582(c) motion transferred to the Second Circuit.

Federal Rule of Criminal Procedure 37 precisely anticipates the jurisdictional issue present here. Rule 37 provides, in relevant part, that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." [1] FED. R. CRIM. P. 37(a). The advisory committee notes list "motions under 18 U.S.C. §

---

[1] See, e.g., United States v. Campbell, 613 F. Supp. 3d 666, 668 (W.D.N.Y. 2020) (invoking Rule 37(a) to deny a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) while a direct appeal was pending); United States v. Moseley, 2020 WL 1911217, at *1 (S.D.N.Y. Apr. 20, 2020) (finding no jurisdiction over compassionate release motion based on the COVID-19 pandemic because of a pending appeal, and stating that "[a]bsent further factual development, the Court cannot say whether it would ultimately grant the motion if the case were remanded for such purposes, but neither is it willing to deny the motion outright. These are complex and time-sensitive issues, but they are ones that the Court can only take up if the Second Circuit agrees it would be useful to decide the instant motion before it decides the appeal."); United States v. Vigna, 2020 WL 1900495, at *3 (S.D.N.Y. Apr. 17, 2020) (finding same regarding jurisdiction, and declining to issue indicative ruling because defendant had not exhausted

3

3582(c)" as one of three types of motions for which the drafters "anticipate[ ] that Criminal Rule 37 will be used primarily if not exclusively." FED. R. CRIM. P. 37 advisory committee's note (2012). Reflecting this Circuit's longstanding approach in both civil and criminal cases—see, e.g., United States v. Camacho, 302 F.3d 35, 36–37 (2d Cir. 2002); King v. First Am. Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002); Toliver v. Cnty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992)—this rule allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal. See Martin, 2020 WL 1819961, at *2.

**B.    Merits**

Because the Court would deny Mr. Novis's 18 U.S.C. § 3582(c) motion if he had not filed a notice of appeal, in the interests of judicial economy, the Court reaches the merits under Rule 37 and denies his motion.

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." United States v. Tejeda, 2024 WL 1676329, at *1 (S.D.N.Y. Apr. 18, 2024) (Chin, J.) (citing United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "'determine the amended guideline range that would have been applicable to the defendant' if [the amendment] 'had been in effect at the time the defendant was sentenced.'" United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1), (d)). If the defendant is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' which are contained in

---

administrative remedies); Martin, 2020 WL 1819961, at *1–2 (finding same regarding jurisdiction but denying motion on the merits under Rule 37).

U.S.S.G. § 1B1.10." Tejeda, 2024 WL 458643, at *1 (quoting Martin, 974 F.3d at 136).  Section 1B1.10(a)(2) provides, however, that a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if ... [n]one of the amendments listed in subsection (d) [including Amendment 821] is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d); United States v. Baez, 2024 WL 1250583, at *1 (S.D.N.Y. Mar. 22, 2024).  As applicable here, Part B of Amendment 821 provides a decrease of two offense levels for zero-point offenders (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors.[2]  See U.S.S.G. § 4C1.1.1; see also Tejeda, 2024 WL 458643, at *2.  Two such aggravating factors that preclude relief are met when: (1) the defendant "receive[d] an adjustment under § 3A1.1"—the vulnerable victim enhancement, see id. § 4C1.1(a)(9); and when (2) the defendant "receive[d] an adjustment under § 3B1.1"—the aggravating role enhancement, see id. § 4C1.1(a)(10).[3]

While Mr. Novis has zero criminal history points, Part B of Amendment 821 does not apply because at least one aggravating factor is present.  For example, U.S.S.G. § 4C1.1(a)(9) is present.

---

[2] Part A of Amendment 821 addresses "status points," which refer to two additional criminal history points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case. United States v. Ewing, 2024 WL 1250685, at *1 (S.D.N.Y. Mar. 21, 2024).  It decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or fewer criminal history points.  See U.S.S.G. § 4A1.1(e).  Because Mr. Novis had zero criminal history points at the time of sentencing, Part A does not apply.  See U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,272 (effective Nov. 1, 2023) (defining "status points" as "the additional criminal history points given to offenders for the fact of having committed the instant offense while under a criminal justice sentence" (emphasis added)); see also ECF No. 107, at ¶ 58 ("PSR").

[3] Under § 4C1.1, a defendant with zero criminal history points is eligible for a two-level reduction to his offense level if: (i) he did not receive an adjustment under § 3A1.4 (Terrorism); (ii) he did not use violence or credible threats of violence in connection with the offense; (iii) the offense did not result in death or serious bodily injury; (iv) the offense is not a sex offense; (v) he did not personally cause substantial financial hardship; (vi) he did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon; (vii) the offense is not covered by § 2H1.1 (Offenses Involving Individual Rights; (viii) he did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (ix) he did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.  See U.S.S.G. § 4C1.1(a)(2)–(10).

At sentencing, I determined Mr. Novis should receive two Vulnerable Victim enhancements because (1) he knew that the victims of his prize scheme were elderly and vulnerable pursuant to U.S.S.G. § 3A1.1(b)(1); and because (2) the offense involved many vulnerable victims under U.S.S.G. § 3A1.1(b)(2).  (See Sentencing Tr. at 41) ("I believe the trial evidence established that these defendants knew many of their victims were elderly and vulnerable.")

Additionally, U.S.S.G. § 4C1.1(a)(10) is present too.  At sentencing, I also determined Mr. Novis should receive a four-level Aggravating Role enhancement as the leader and organizer of the fraud scheme with at least five participants and that was otherwise extensive.  (See Sentencing Tr. at 41–42) ("These defendants were clearly leaders in this scheme and supervised others that ran the day-to-day operations.  The criminal activity was extensive; including employees who testified at trial[,] [t]he attorneys retained and the vendors used for support services such as printing and caging operations.".)  Therefore, Mr. Novis is ineligible for a sentence reduction.  See Tejeda, 2024 WL 458643, at *2; see also U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,274 (effective Nov. 1, 2023) ("While determining that a reduction is appropriate for some offenders with zero criminal history points, the Commission also identified circumstances in which zero-point offenders are appropriately excluded from eligibility in light of the seriousness of the instant offense of conviction or the existence of aggravating factors in the instant offense.") (emphases added)).  Because Mr. Novis is ineligible for a sentence reduction, this Court need not analyze the factors set forth in 18 U.S.C. § 3553(a).  See id.

### III.     CONCLUSION

For the above reasons, under Fed. R. Crim. P. 37(a), the Court DENIES Mr. Novis's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  The Clerk of Court is respectfully directed to close ECF No. 164.  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith,

and therefore <u>in forma pauperis status</u> is denied for the purpose of an appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Novis at his address of record.

**SO ORDERED.**

Dated:   May 14, 2024
             Central Islip, New York

                                                  /s/ JMA
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE